The opinion of the Court was delivered by
Dargan, Ch.
It is necessary to add but little to what has been said in the Circuit decree.
A corporation is an artificial person, the creature of the law, and manifesting its existence only by the exercise, after a prescribed form, of certain franchises and functions given to it by law. Or, as defined by Chief Justice Marshall, in the case of Dartmouth College vs. Woodward, 4 Wheat. 636, it “ is an artificial being, invisible, intangible, and existing only in contemplation of law.” In the Providence Bank vs. Billings, 4 Peters, 514, it is said by the same eminent Judge, that, “the great object of an incorporation is to bestow the character and *347 properties of individuality on a collective and changing body of men.”
A corporation aggregate is but one person, having the same unity in its corporate character and existence as a natural person. However numerous they may be, the will and individuality of the corporators are lost or merged in the will and individuality of the whole. A corporation can have but one will, and that will can only be manifested by the potential and uncontrollable voice of the majority. It has, and can have, from the nature of things, no other mode of action.
As long, therefore, as a corporation confines itself, in the management of its affairs, within the limits of its chartered powers, and commits no fraud upon the rights of the individual corporators, (facts which are not alleged in this case,) it is idle, and it is inconsistent, to talk of the rights of individual members oí the corporation, as distinct from, or opposed to those of the corporation itself. In case that the corporation should commit a fraud upon the rights of individual members, the Court of Equity would take cognizance of the transaction, and would afford its protection and relief, as in any other case of fraud ; and upon the principles applicable to frauds generally.
The Directors of an incorporated company are not technically trustees: they are the agents of the company, and, so far as the doctrines which prevail in this Court, in reference to trusts, are applicable to the relations of principal and agent, the same would be enforced against the Directors, in favor of the Corporation. I am at a loss to perceive any difference as to the duties and liabilities of the agents of a natural person, and the agents of that artificial or political body, known as a corporation.
The Directors are the agents, not of the natural persons, or individual members composing it, but of the corporation : that is to say, of all the corporators, in their associated and corporate character. If the agents commit default — if they embezzle become indebted, or liable for mismanagement, or neglect — no action would lie in this, or any other Court, in behalf of indi *348 vidual corporators, for their supposed aliquot part of the amount embezzled, or of the damages resulting from the default. But such defaulting agents would be responsible to their principal alone, which is the corporation. And the action must be in the name of the corporation.
When, in this case, the Directors of the State Bank, having in charge the shares of stock belonging to the company, with authority to sell, sold the said shares to themselves, at less than their marketable value, I do not hesitate to say that they did a very improper act. It was a breach of trust. I do not wish to be understood to say that it was a wilfully corrupt breach of trust. Yet it was a devastavit, for which this Court would make them liable. The same principles would be enforced against them, as would be enforced against trustees, under like circumstances. They would be compelled to re-assign the stock, or to account for the profits which they had realized in the transaction, at the option of the aggrieved party.
But who is the aggrieved party? Who is the principal? These questions are already answered. A principal, who is a natural person, might not choose to contend in law for his extreme rights, against a defaulting agent. Just so of a corporation. The conduct of the defaulter might be looked upon with a lenient eye, on account of past fidelity and services; or he may have made restitution, or a compromise ; or the amount to be recovered by action might not be thought worth the cost and trouble of the pursuit. Certainly, a corporation has the power of exercising its discretion in such matters — and the exercise of its discretion would be conclusive upon the individual corpora-tors. Can it be doubted that the corporation would have the right to confirm to the Directors the illegal sale of the stock, which they made to themselves.
For a small constituent of this banking corporation to bring their suit against the agents of the corporation, without making the latter a party, for their supposed share of the loss which resulted from the illegal sale of stock shares, is not warranted by principle or authority. The Circuit decree, without adjudg *349 ing the case upon its merits, orders the corporation, as the State Bank of South-Carolina, to be made a party. This Court is satisfied with the decree. The appeal is dismissed, and the Circuit decree is affirmed.
Dunkin and Wardlaw, CC., concurred.
Johnston, Ch., absent at the hearihg.

Appeal dismissed.